UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

------------------------------------------------------------

Sony Music Entertainment., et al

                Plaintiffs,

     -against-                           Case No. 1:04CV00969-KAJ

Deena Hall,

                Defendant

------------------------------------------------------------ X

**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO F.R.C.P. 26**

Plaintiffs provide these Initial Disclosures to Defendant pursuant to Federal Rule of Civil Procedure 26. Plaintiffs reserve the right to supplement these disclosures.

**I.    WITNESSES**

A. Plaintiffs believe that the following individuals may have discoverable information supporting their claims in this action, and may be called to testify in support of such claims:

B. A representative of the Recording Industry Association of America and/or a representative of MediaSentry, Inc. may testify regarding issues relating to the operations of online media distribution systems, and the search for, capture, and downloading from Defendant's computer of the sound recordings at issue here. These witnesses may be reached through Plaintiffs' counsel.

C. A representative of the Defendant's Internet Service Provider ("ISP"), America Online, Inc., may be asked to testify regarding use of Defendant's America Online, Inc. account.

D. The Defendant may be asked to testify.

E. Other members of the Defendant's household may be asked to testify.

F. A representative of each Plaintiff may be asked to testify on a range of issues, including issues relating to Plaintiffs' requests for monetary damages and injunctive relief. The representatives of the respective Plaintiffs may be reached through Plaintiffs' counsel.

## II. CATEGORIES OF DOCUMENTS

A. Plaintiffs may use the following documents and things to support their claims:

B. The certificate of copyright registration for each sound recording at issue in this case.

C. The Rule 45 Subpoena served upon Defendant's ISP, and the response to the Subpoena served by the ISP.

D. Screen shots of Defendant's shared folder (Exhibit B to the Complaint).

E. Copies of recordings identified on Exhibit A to the Complaint, as downloaded from Defendant's computer.

F. News reports, articles, public service announcements, and other print media informing the public that using an online media distribution system to download, distribute, and/or make available for distribution to others copyrighted sound recordings constitutes copyright infringement.

## III. COMPUTATION OF DAMAGES

A. Plaintiffs intend to seek damages as follows:

B. Statutory damages for each infringement of each sound recording pursuant to the Copyright Act, 17 U.S.C. § 504;

C. Plaintiffs' attorneys fees, costs, and interest; and

D. Such other and further relief as the Court may deem just and proper.

IV. **INSURANCE**

A. Not applicable.

Plaintiffs make these disclosures based upon information that is currently known by and reasonably available to them. Plaintiffs reserve the right to supplement these disclosures in the event that further responsive information comes to light in the course of ongoing investigation and discovery.

Dated: January 31, 2006

PHILLIPS, GOLDMAN & SPENCE, P.A.

*/s/ Robert S. Goldman*
ROBERT S. GOLDMAN, ESQ. #2508
1200 N. Broom Street
Wilmington, DE 19806
(302) 655-4200

## CERTIFICATE OF SERVICE

    I, Robert S. Goldman, Esquire, hereby swear that on January 31, 2006, I served via E-File and facsimile, the attached Plaintiff's Initial Disclosures Pursuant to F.R.C.P. 26 on the following counsel:

Nicholas E. Skiles, Esquire
Swartz Campbell, LLC
300 Delaware Avenue
Suite #330
Wilmington, DE 19801

                                              _____
                                              ROBERT S. GOLDMAN, ESQ. (#2508)